IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

FERNANDO WALCOTT,

    Plaintiff,

vs.                                                 CASE NO.:

FERRELLGAS, INC., a Foreign for
Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FERNANDO WALCOTT ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, FERRELLGAS, INC., ("Defendant"), and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes §760.01, *et seq.*, and Florida Statute §440.205, to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which Plaintiff is entitled including, but not limited to equitable relief.

## PARTIES

1.     Plaintiff is an adult individual who resides in Seminole County, Florida.

2.     Defendant, FERRELLGAS, INC., is a Foreign Corporation, licensed and authorized to conduct business in the State of Florida. At all times hereto, Defendant maintained a delivery and fueling station in Orange County, Florida.

1

3. At all times material hereto Defendant was an employer as defined by the laws under which this action is brought and employs greater than twenty (20) or more employees and is an "employer" within the meaning of the FCRA.

## JURISDICTION AND VENUE

4. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

5. Defendant is and was at the time of all incidents described herein, operating in Orange County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on June 16, 2020. On August 31, 2020, the EEOC issued its right-to-sue letter. Therefore, this complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed as a truck driver at Defendant's Orlando, FL location since in or about 2008.

8. On or about March 19, 2020, Plaintiff was assigned a truck[1] for his shift that did not have working air conditioning.

9. Plaintiff had previously complained that the truck assigned to him did not have working air conditioning. The extreme heat inside the cab of the truck without air conditioning exacerbated his existing medical condition, high blood pressure.

10. Defendant had been previously informed of Plaintiff's medical condition and that the heat would aggravate his condition.

11. Plaintiff's medical condition became exacerbating while driving in the truck without air conditioning.

12. Plaintiff began to feel ill and overheated as he was completing his March 19th shift.

13. Plaintiff felt symptoms related to his high blood pressure and feared that he was possibly having heart complications.

14. Following his shift, Plaintiff tried to cool off, hoping his symptoms would subside.

15. When his symptoms continued to get worse he was taken to the emergency room where he was diagnosed with hypertension and heat exhaustion; which was attributable to him driving all day without air conditioning.[2]

16. While at the hospital, Plaintiff texted his branch manager, Grant Sibilrud to inform him of Plaintiff's medical emergency and hospitalization.

---

[1] There was a new truck available that had working air conditioning that Plaintiff could have been assigned; which would have accommodated his medical condition.

[2] Because this was during the middle of the COVID-19 Pandemic, there were few, if any, places where Plaintiff could have pulled over to rest and seek air conditioning.

17. On or about March 23, 2020, Plaintiff returned to work and advised Mr. Sibilrud that Plaintiff's hospitalization was related to the issues involving his truck not having air conditioning.

18. Plaintiff also spoke to Mr. Sibilrud in regard to filing a claim for workers' compensation benefits to cover the medical bills he recently incurred. Mr. Sibilrud informed Plaintiff he was unable to help and suggested that Plaintiff call Defendant's Human Resources department.

19. Later that day, Plaintiff contacted Sue Hastings, Human Resources, but did not receive any response.

20. Plaintiff made numerous attempts to connect with Ms. Hastings.

21. Specifically, Plaintiff called Ms. Hastings on March 24, March 25, March 26, April 3 and April 9, but did not receive any response from Ms. Hastings or anyone else from Defendant's Human Resource department.

22. On or about April 21, 2020, Plaintiff still had not received any communication from Defendant's Human Resources department so Plaintiff called the Company's headquarters who then transferred him to Vickie (last name unknown). Vickie worked in Defendant's workers' compensation department.

23. Vickie informed Plaintiff that Tammy Browning, the Company's workers' compensation coordinator, would be handling his claim.

24. At Ms. Browning's instruction Plaintiff faxed over all of his medical documentation to her and received a confirmation of her receiving his medical documents.

25. On or about April 29, 2020, Plaintiff arrived at work like any normal day.

26. Plaintiff was immediately called in to Mr. Sibilrud's office and informed that he was being terminated due to performance issues.

27. Plaintiff was shocked by this news, especially since his performance had never been an issue prior to filing a claim for workers' compensation, nor did Plaintiff ever receive a write up or even a verbal warning.

28. Florida Statute §440.205 states in pertinent part that:

> **"No employers shall discharge, threaten to discharge, intimate, or coerce any employee by reasons of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Law."**

29. Defendant terminated Plaintiff in an effort to prevent Plaintiff from exercising his rights under the Florida Workers' Compensation law.

30. Defendant failed to accommodate Plaintiff when it would not provide him with a truck with working air conditioning when it knew that Plaintiff's medical condition would be exacerbated when he was assigned a truck without air conditioning.

31. Defendant retaliated against Plaintiff when it refused to provide accommodation and terminated him in violation of the FCRA.

## COUNT I
## VIOLATION OF FLORIDA STATUTE §440.205 RETALIATION FOR PURSUING A CLAIM UNDER WORKERS' COMPENSATION LAW

32. Plaintiff re-alleges and adopts the allegations stated in Paragraphs (1) through (31) as though fully set forth herein.

33. The Defendant intentionally discharged Plaintiff after he was injured on the job, sought medical attention, and sought to file a valid claim for workers' compensation benefits.

5

34. Plaintiff was discharged by reason of Plaintiff's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law of the State of Florida, with said discharge being in direct violation of Section §440.205, Florida Statutes.

35. As a result of said discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

**WHEREFORE**, Plaintiff, FERNANDO WALCOTT, demands judgment against Defendant, FERRELLGAS, INC., and prays for a trial by jury and requests this Court award damages including:

a. Compensatory Damages for pain, suffering, mental anguish, loss of enjoyment of life; and

b. Compensation for lost wages, benefits and other remuneration; and

c. Any other relief deemed appropriate by the Court.

## COUNT II
## FAIRLURE TO ACCOMMODATE – FCRA

36. Plaintiff re-alleges and adopts the allegations of paragraphs (1) through (31) above as if fully set forth herein.

37. Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

38. Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

39. Plaintiff asked for a reasonable accommodation. However, Defendant refused to engage in the interactive process.

40. But for his actual or perceived disability, or because of his request for a reasonable accommodation, Plaintiff would not have been terminated.

41. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

42. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

43. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, FERNANDO WALCOTT, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such relief as the Court may deem just and proper.

## COUNT III
## RETALIATION – FCRA

45. Plaintiff re-alleges and adopts the allegations of paragraphs (1) through (31) above as if fully set forth herein.

46. Plaintiff requested an accommodation under the FRCA.

47. Plaintiff engaged in a protected activity when he requested an accommodation under the FCRA.

48. Plaintiff was terminated in retaliation for requesting an accommodation under the FRCA for his disability and/or perceived disability.

49. This retaliation resulted in Plaintiff's termination.

50. By the conduct described above, Defendant retaliated against Plaintiff because he engaged in protected activities in violation of the FRCA.

51. Defendant knew, or should have known, of the retaliation that Plaintiff was subjected to.

52. At all times material, hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights.

**WHEREFORE**, Plaintiff, FERNANDO WALCOTT, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such relief as the Court may deem just and proper.

**Plaintiff specifically reserves the right to amend his Complaint to seek punitive damages against Defendant**

Respectfully submitted on this 24th day of November, 2020.

                                                   s/ JAMES J. HENSON
**James J. Henson, Esq.**
Florida Bar No.: 77476
Ryan D. Naso, Esq
Florida Bar No.: 1010800
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.:   (407) 428-6241
Fax:          (407) 245-3342
Email:        jjhenson@forthepeople.com
              rnaso@forthepeople.com
              ssiagel@forthepeople.com
Counsel for Plaintiff